IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:22-cv-00142-MHT |
| | ) | |
| $2,202.00 IN UNITED STATES | ) | |
| CURRENCY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S RESPONSE TO COURT ORDER DOC. 40. AND MOTION FOR RECONSIDERATION OF DEFAULT**

The United States respectfully files this response pursuant to this Court's Opinion and Order, (Doc. 40), filed on February 6, 2025, and moves this Court for reconsideration as to the below denied defendants. The Court's Opinion and Order granted the government's motion for default judgment, (Doc. 36), as to defendants $2,202 and $14,001. *Id.* at 16 and 17. However, the Court denied same as to the following defendants: the 1964 Impala, VIN: 41767S185721, with all appurtenances and attachments; miscellaneous jewelry, specifically: Gents Rolex Datejust Model 16014 two-tone watch with 10 total carats of diamonds;  a Bentley Inspired 10k yellow gold pendant with 8.50 total carats of diamonds; a Gents 14k yellow gold band with 3 total carats of diamonds; and a "J" 14k yellow gold pendant with 10.92 total carats of diamonds. Id at 17 ¶ 3.[1] The Court ordered the government to file a response addressing (1), the denial of default judgment regarding the above defendants, (2) proposed "next steps" as to these defendants, and (3) the

---

[1] The Bentley inspired 10k yellow gold pendant with 8.50 total carats of diamonds and Gents 14k yellow gold band with 3.0 total carats of diamonds were ordered to be returned to Jessie Stone (Stone) in the parallel criminal action. (MDAL, Crim. Case No. 2:22-cr-06-ECM). *See*, Doc. 36. n. 1.

governments continued mis-citation and non-citation. *Id.* at 17 and 18 ¶ 4. The government will respond to the Court's concerns out of order for clarity. The government responds as follows:

First, the government's theory of this case is that the denied defendants referenced above represent proceeds of Stone's drug trafficking and are forfeitable as personal property which constituted or were derived from proceeds traceable to violations of 21 U.S.C. §§ 841 and 846, pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C). Doc. 1 and 36 at 1 and 2. [2,3,4] The government maintains that 18 U.S.C. § 981(a)(1)(C) is applicable in this case as explained below. Second, the government maintains that the facts provided in the verified complaint support forfeiture of the denied defendants under the applicable legal standard for default. And third, should the Court be unmoved by the governments analysis, the government proposes that this case be stayed pending Stone's criminal appeal.

---

[2] Stone was convicted in the parallel criminal action of Controlled Substance Conspiracy in violation of 21 U.S.C. § 846; Violation of Controlled Substances Act, in violation of 21 U.S.C. § 841(a)(1); Interstate Travel in Aid of Racketeering in violation of 18 U.S.C. § 1952(a)(3); Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1); and three counts of Unlawful use of Communication Facility, in violation of 21 U.S.C. § 843(b). (MDAL, Crim. Case No. 2:22-cr-06-ECM, Doc. 150). Stone's Indictment contained forfeiture allegations referencing all of the defendants in this civil action. (MDAL, Crim. Case No. 2:22-cr-06-ECM, Doc. 1 pp.4-7). Stone has appealed his conviction along with the forfeiture allegations. (MDAL, Crim. Case No. 2:22-cr-06-ECM, Docs. 153). Stone's appeal is still pending.

[3] Stone was convicted in the parallel criminal action of Controlled Substance Conspiracy in violation of 21 U.S.C. § 846; Violation of Controlled Substances Act, in violation of 21 U.S.C. § 841(a)(1); Interstate Travel in Aid of Racketeering in violation of 18 U.S.C. § 1952(a)(3); Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1); and three counts of Unlawful use of Communication Facility, in violation of 21 U.S.C. § 843(b). (MDAL, Crim. Case No. 2:22-cr-06-ECM, Doc. 150).

[4] The government is aware and concedes that 21 U.S.C. § 881(a)(4) is another theory of this case by which the government could have sought civil forfeiture of the Hyundai Sonata as a facilitating property.

I.    **Relevant Facts and Procedural History**

Plaintiff incorporates herein by reference its statement of facts (undisputed) contained in the Verified Complaint. Doc. 1, pp. 4-10.

On March 24, 2022, the United States filed a complaint alleging that the defendants are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C), which provide for the seizure and forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical; all proceeds traceable to such an exchange; all moneys, negotiable instruments, and securities used or intended to be used to facilitate the commission of the offenses; and any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 21 U.S.C. §§ 841 and 846. (Doc. 1).

Pursuant to a Warrant of Arrest *in Rem* issued on March 24, 2022 (Doc. 3), the defendants were served on April 7, 2022, with copies of the Verified Complaint for Forfeiture *in Rem* and the Warrant of Arrest *in Rem*. (Docs. 7-11).

On April 1, 2022, Attorney Joe M. Reed was personally served with copies of the Notice of Complaint for Forfeiture against Personal Property, Verified Complaint for Forfeiture *in Rem*, and Warrant of Arrest *in Rem*. (Doc. 5). On April 1, 2022, Attorney Reed accepted personal service on behalf of Stone and Shanda Daniels (Daniels) of copies of the Notice of Complaint for Forfeiture against Personal Property, Verified Complaint for Forfeiture *in Rem*, and Warrant of Arrest *in Rem*. (Docs. 4, 6). Attorney Reed filed an administrative claim on behalf of Stone and was therefore authorized to accept service for Stone pursuant to Supplemental Rule G(4)(b)(iii)(B).

Because the United States was unable to verify that Attorney Reed was authorized to accept service on behalf of Daniels, it subsequently personally served her with copies of the Notice of Complaint for Forfeiture against Personal Property, Verified Complaint for Forfeiture *in Rem*, and Warrant of Arrest *in Rem* at her home on June 30, 2022. (Doc. 16). Additionally, the United States was informed that Attorney Reed was suffering serious health issues and would be unable to represent Stone in this matter. Therefore, on July 1, 2022, the United States personally served Mr. Stone with copies of the Notice of Complaint for Forfeiture against Personal Property, Verified Complaint for Forfeiture *in Rem*, and Warrant of Arrest *in Rem* at the Montgomery County Jail in accordance with Supplemental Rule G(4)(b)(iii)(C) to satisfy the demands of due process. (Doc. 17).

Notice of this civil forfeiture action against the defendants was published for 30 consecutive days on an official Government internet site (www.forfeiture.gov), as evidenced by the Declaration of Publication filed with the Court on May 13, 2022. (Doc. 12).

Pursuant to Supplemental Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Stone and Daniels were required to file a claim no later than 35 days after personal service. The time-period expired on August 4, 2022 for Daniels, and on August 5, 2022 for Stone. Because no claim was filed, and no extensions were requested or granted, the Clerk entered default against Daniels on August 9, 2022 (Doc. 20) and against Stone on October 7, 2022 (Doc. 21).

On February 8, 2022, an eight-count Indictment was returned against Stone that alleged, in part, violations of 21 U.S.C. §§ 841 and 846. (*See* Case Number 2:22-cr-00006-ECM-KFP, Doc 1). The facts supporting the Government's Verified Complaint in the instant action are the same as those supporting the Indictment in the companion criminal case. The

Indictment contained a forfeiture allegation putting Stone on notice that upon conviction, the government would seek forfeiture of any firearms and ammunition involved in the commission of the offenses in violation of 18 U.S.C. § 922(g)(1); any and all property constituting or derived from proceeds the defendant obtained directly or indirectly as a result of violations of 21 U.S.C. § 841(a)(1), 846, 843(b), or 18 U.S.C. § 1952(a)(3); and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses in violation of 21 U.S.C. § 841(a)(1), 846, 843(b), or 18 U.S.C. § 1952(a)(3). *Id.*

On October 6, 2022, Stone requested a hearing be scheduled after the entry of his guilty plea in accordance with Rule 32.2(b)(1)(B) of the Federal Rules of Criminal Procedure. (Case Number 2:22-cr-00006-ECM-KFP, Doc. 85). On November 30, 2022, the defendant pled guilty to Counts 1-8 of the Indictment in the companion criminal case, and on that same day, the United States filed a Motion for Preliminary Order of Forfeiture of $2,202.00 in United States Currency; $14,001.00 in United States Currency; a 1964 Chevrolet Impala, VIN: 41767S185721, with all appurtenances and attachments thereon; a 2017 Hyundai Sonata, VIN: 5NPE24AF5HH509817, with all appurtenances and attachments thereon; a 2014 Mercedes Benz S550, VIN: WDDUG8CB9EA052629, with all appurtenances and attachments thereon; and miscellaneous jewelry, namely: a Gents Rolex Datejust model 16014 two-tone watch with 10.0 total carats of diamonds; a Bentley inspired 10k yellow gold pendant with 8.50 total carats of diamonds; a Gents 14k yellow gold band with 3.0 total carats

of diamonds; and a "J" 14k yellow gold pendant with 10.92 total carats of diamonds. (Case Number 2:22-cr-00006-ECM-KFP, Doc. 100).[5]

On May 31, 2023, a forfeiture hearing was held before Chief District Judge Emily C. Marks wherein Stone objected to the forfeiture of the 1964 Chevrolet Impala, VIN: 41767S185721, the Gents Rolex Datejust model 16014 two-tone watch with 10.0 total carats of diamonds, the Bentley inspired 10k yellow gold pendant with 8.5 total carats of diamonds, the Gents 14k yellow band with 3.0 total carats of diamonds, and the "J" 14k yellow gold pendant with 10.92 totals carats of diamonds, but consented to the forfeiture of $2,202.00 in United States Currency; $14,001.00 in United States Currency; a 2017 Hyundai Sonata, VIN:

---

[5] The 10 Karat Gold Baguette & Round Diamond Cluster Earrings Set with .36 Total Carats of Diamonds and $1,500 U.S. Currency referenced by Stone in his Writ/Claim are being administratively forfeited by the DEA. The Government has not sought judicial forfeiture of these items; therefore, the Court lacks jurisdiction to review the merits of the forfeiture of these items. *United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999) (it is inappropriate for a court to exercise equitable jurisdiction to review the merits of a forfeiture matter when the petitioner elected to forego the procedures for pursuing an adequate remedy at law); *Chairez v. United States*, 355 F.3d 1099, 1102 (7th Cir. 2004) (if the claimant receives adequate notice of administrative forfeiture, the district court lacks subject matter jurisdiction over his claim to the property); *Mohammad v. United States*, 169 Fed. Appx. 475, 480-81 (7th Cir. 2006) (district court has no jurisdiction to review the merits of an administrative forfeiture; it has jurisdiction only to review the adequacy of the notice given to the claimant of the procedure for filing a claim); *McKinney v. U.S. Dept. of Justice*, 580 F. Supp.2d 1, 4 (D.D.C. 2008) (district court lacks jurisdiction to review an administrative forfeiture other than pursuant to § 983(e) because Congress has not otherwise waived sovereign immunity); *United States v. Wade*, 230 F. Supp. 2d 1298, 1307-08 (M.D. Fla. 2002) (once defendant fails to file timely claim, district court lacks jurisdiction to review the merits of an administrative forfeiture unless the forfeiture was procedurally flawed); *In re Forfeiture of $34,905.00 in U.S. Currency*, 96 F. Supp. 2d 1116, 1119 (D. Or. 2000) (absent a legally sufficient claim, the seizing agency is obligated to forfeit the property administratively, and the court lacks jurisdiction to consider the claim on the merits); *Custodio Colon v. Ayala*, 2005 WL 1971114, at *4 (D.P.R. Aug. 15, 2005) (court lacks jurisdiction to review merits of administrative forfeiture if claimant received notice and failed to file a claim); *Aquasviva v. U.S. Drug Enforcement Administration*, 2004 WL 190034, at *4 (S.D.N.Y. Jan. 15, 2004) (federal court has no jurisdiction to consider a lawsuit challenging a forfeiture when claimant could have filed a claim). Stone has not asserted any procedural violation by the DEA that would allow for judicial review. The Government will not further address the 10 Karat Gold Baguette & Round Diamond Cluster Earrings Set with .36 Total Carats of Diamonds and $1,500 U.S. Currency.

5NPE24AF5HH509817, with all appurtenances and attachments thereon; and a 2014 Mercedes Benz S550, VIN: WDDUG8CB9EA052629, with all appurtenances and attachments thereon.

On June 1, 2023, Judge Marks entered a Preliminary Order of Forfeiture which forfeited Stone's interest in $2,202.00 in United States Currency; $14,001.00 in United States Currency; a 1964 Chevrolet Impala, VIN: 41767S185721, with all appurtenances and attachments thereon; a 2017 Hyundai Sonata, VIN: 5NPE24AF5HH509817, with all appurtenances and attachments thereon; a 2014 Mercedes Benz S550, VIN: WDDUG8CB9EA052629, with all appurtenances and attachments thereon; Miscellaneous jewelry, namely: Gents Rolex Datejust model 16014 two tone watch with 10.0 total carats of diamonds and a "J" 14k yellow gold pendant with 10.92 total carats of diamonds. Further, the Order directed the return of a Bentley inspired 10k yellow gold pendant with 8.50 total carats of diamonds and a Gents 14k yellow gold band with 3.0 total carats of diamonds. (Case Number 2:22-cr-00006-ECM-KFP, Doc. 147). Those two items were turned over to Attorney George Bulls on June 23, 2023, by the United States Marshals Service.

On August 11, 2023, Judge Marks entered a Final Order of Forfeiture vesting all right, title, and interest in $2,202.00 in United States Currency; $14,001.00 in United States Currency; a 1964 Chevrolet Impala, VIN: 41767S185721, with all appurtenances and attachments thereon; a 2017 Hyundai Sonata, VIN: 5NPE24AF5HH509817, with all appurtenances and attachments thereon; a 2014 Mercedes Benz S550, VIN: WDDUG8CB9EA052629, with all appurtenances and attachments thereon; Miscellaneous jewelry, namely: Gents Rolex Datejust model 16014 two tone watch with 10.0 total carats of diamonds and a "J" 14k yellow gold pendant with 10.92 total carats of diamonds in the United

7

States to be disposed of according to law. (Case Number 2:22-cr-00006-ECM-KFP, Doc. 182).

On February 6, 2025, this Court entered its Memorandum and Opinion Order granting the government's motion for default judgment in part and denying in part. Doc. 40. The Court ordered the government to respond to the denial of forfeiture to the defendants specified in Doc. 40 pp. 17-18 ¶ (3), the proposed next steps, and the Court's concern regarding the citations of statutes.

A.  <u>**Supplemental Facts in Support of Default Judgment**</u>[6]

Stone was indicted and convicted on several charges including a Controlled Substances Conspiracy in violation of 21 U.S.C. § 846 and Violation of the Controlled Substances Act in violation of 21 U.S.C. § 841(a)(1). (Case Number 2:22-cr-00006-ECM-KFP, Docs. 1and 150). The Controlled Substances Conspiracy started on an unknown date and continued through at least August 15, 2021.[7] On or about August 14-15, 2021, the defendants at issue in this response were seized.

During the course of the investigation, law enforcement agents queried the Alabama Department of Industrial Relations (ADIR)/Alabama Department of Labor records regarding Stone's reported wages. The ADIR report showed Stone's complete wage history which started in the third quarter of 2015 and ended in the fourth quarter of 2017. Gov. Ex. 1 ADIR Report. In 2015, Stone's verifiable wages were $10,484.94. In 2016, Stone's verifiable wages were $26,290.91.  And in 2017, Stone's verifiable wages were $20,957.24. *Id.*  During that approximate two and a half-year period, Stone's entire verifiable work history, he earned

---

[6] The government has attached an affidavit signed by DEA TFO Tyler Delashaw in support of the above stated supplemental facts and the exhibits attached to this response. Gov. Ex. 7.
[7] Stone was under investigation for the instant drug trafficking conspiracy prior to 2021.

$57,733.09. Stone's last reported wage of $305.46 was in the fourth quarter of 2017. *Id.* United States Probation verified that Stone worked at a local Lexus dealership from 2015-2017 through Alabama Department of Corrections (ADOC) records. (Case Number 2:22-cr-00006-ECM-KFP, Doc. 144 ¶ 87 (under seal)). Stone has no other verifiable work history or wage earnings either before 2015 or after 2017.

On or about August 14-15, 2021, the defendants were seized. All of the defendants were appraised and logged into the Consolidated Asset Tracking System ("CATS") by the DEA and the United States Marshals Service. The 1964 Chevrolet Impala, VIN: 41767S185721 was purchased by Stone on March 1, 2021. Gov. Ex. 2 (Impala title). It had an appraised value of $49,700. Gov. Ex. 3 USMS 102.[8] The 2017 Hyundai Sonata, VIN: 5NPE24AF5HH509817 was purchased by Stone on July 10, 2020. Gov. Ex. 4 (Sonata title). It had an appraised value of $14,500. Gov. Ex. 5 (USMS 102 Sonata). The assorted jewelry seized from Stone during the stop, had an appraised value of $73,988.00.[9] Gov. Ex. 5. USMS 102 Jewelry.

## II.     DEFAULT-JUDGMENT STANDARD

The Court correctly identified the Default Judgment Standard. Doc. 40. "When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)). "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Id.* (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). That is, for a court to enter default judgment, it must conclude that, upon

---

[8] The DEA and the United States Marshals Service use the NADA value to appraise vehicles.
[9] The DEA had the assorted Jewelry appraised by the Alabama Gemological Laboratory and reported the appraised value to the USMS for entry into CATS. Gov. Ex. 6.

taking all the plausible allegations in the complaint as true and in the light most favorable to the plaintiff, the allegations would amount to a claim upon which relief may be granted. *See id.*

In general, a court may enter a default judgment when the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.")

Thus, to support an entry of default judgment in a civil forfeiture case, a complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." See Fed. R. Civ. P. Supp. Rule G(2)(f); *United States v. $134,972.34 Seized from FNB Bank, Account Number—5351*, 94 F. Supp. 3d 1224, 1229-30 (N.D. Ala. 2015) (explaining that the heightened pleading standard of Supplemental Rule G(2) applies in civil forfeiture cases, not the *Twombly/Iqbal* pleading standard from Rule 8, although the *Twombly/Iqbal* standard may provide guidance in deciding a motion to dismiss a civil asset forfeiture complaint to the extent it does not conflict with Supplemental Rule G(2)).

## III. **ARGUMENT**

### A. **Both 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1(C) are applicable in a drug proceeds case**

In the complaint, the government theorized that "[T]he defendants are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C), which provide for the seizure and forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical; all proceeds traceable to such an exchange; all moneys, negotiable instruments, and securities used or intended to be used to facilitate the commission of the offenses; and any property, real or

personal, which constitutes or is derived from proceeds traceable or proceeds derived from violations of 21 U.S.C. §§ 841 and 846.

Under the government's theory, the denied defendants are subject to forfeiture as property constituting or traceable to proceeds of drug trafficking. Doc. 1 at 4. The government's motion for default invokes two statutes: 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C). See Doc. 36 at 1 and 2 at 5; see also Doc. 40 at 7-9.

The first statute, 21 U.S.C. § 881(a)(6) subjects to forfeiture "[a]ll moneys ... furnished or intended to be furnished ... in exchange for a controlled substance"; "all proceeds traceable to such an exchange"; and "all moneys ... used or intended to be used to facilitate any violation of this subchapter." 21 U.S.C. § 881(a)(6). To show that property was used in furtherance of drug trafficking, the government must establish a "substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3). 21 U.S.C. § 881(a)(6) is a statute specific to drug proceeds.

The other statute, 18 U.S.C. § 981(a)(1)(C), subjects to forfeiture "[a]ny property ... which constitutes or is derived from proceeds traceable to a violation of "an offense that constitutes "specified unlawful activity" as that term is defined in 18 U.S.C. § 1956(c)(7). *See* 18 U.S.C. § 981(a)(1)(C). Section 1956(c)(7), in turn, defines "specified unlawful activity" to include "any act or activity constituting an offense listed in section 1961(1) ...." *See* id. § 1956(c)(7)(A). And Section 1961(1), which defines the term "racketeering activity," includes "the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year ...." Id. § 1961(1)(D). 18 U.S.C. § 981(a)(1)(C) is a general "all-encompassing statute authorizing

the forfeiture of proceeds." Stephan D. Cassella, Asset Forfeiture Law in the United States, p. 899 Juris. Publishing, Inc., 2nd ed., 2013.

In the case at bar, the government pleaded facts which showed that Stone was trafficking in narcotics in violation of 21 U.S.C. §§ 841 and 846 of the Controlled Substances Act. *See,* Doc. 1 at 4-10. Specifically, Stone was trafficking in methamphetamine and cocaine. (Case Number 2:22-cr-00006-ECM-KFP, Doc. 1 at 1 and 2).The investigation into Stones drug dealing started with State law enforcement (Elmore County) and was adopted by the DEA for further investigation. Although, charged and convicted of these violations in federal court, the violations are chargeable under Alabama State law and punishable by more than one year in prison. See, Ala.Code 1975 § 13A-12-231(2) and (11). If Stone had been charged under Alabama State law for trafficking in cocaine in violation of Ala.Code 1975 § 13A-12-231(2), the mandatory minimum term of imprisonment would be three calendar years. Ala.Code 1975 § 13A-12-231(2)a. If Stone had been charged under State law for trafficking in methamphetamine in violation of Ala.Code 1975 § 13A-12-231(11), the mandatory minimum term of imprisonment would be three calendar years. Ala.Code 1975 § 13A-12-231(11)a. Additionally, "[w]here there is an overlap between the general forfeiture provision in § 981(a)(1)(C) and the specific provision in another substantive forfeiture statute, the Government has the choice of proceeding under either one, or both." Stephan D. Cassella, Asset Forfeiture Law in the United States, p. 899 Juris. Publishing, Inc., 2nd ed., 2013. Because of the plain reading of the statute, the government asserts that 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6) are both applicable in this case.

**B.    Facts and Evidence that the Defendants are Subject to Forfeiture under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C)**

There is overwhelming evidence that the denied defendants, the 1964 Impala, the 2017 Hyundai Sonata, and Assorted Jewelry, are subject to forfeiture as property traceable to or

representing the proceeds of a narcotics transaction under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

First and foremost, Stone's possession of approximately $16,203.00 in U.S. currency, a 1964 Impala valued at $49,000.00, a 2017 Hyundai Sonata valued at $14,500.00, and assorted jewelry having an appraised value of $73,988.00 at the time of seizure, does not comport with his verifiable income. Gov. Ex. 1.

When "a [claimant's] verifiable income cannot possibly account for the level of wealth displayed and [when] there is strong evidence that the [claimant] is a drug trafficker," these facts support the government's burden of proof that the Defendant Currency is "either the direct product of illicit activity or that it is traceable to the activity as proceeds." *United States v. Two Parcels of Real Property Located in Russell County, Ala.*, 868 F.Supp. 306, 311 (M.D. Ala. 1994). In upholding the District Court's granting of summary judgment in the Government's favor in *Two Parcels of Real Property,* the Eleventh Circuit found that "[e]vidence that claimants are generally engaged in the drug business over a period of time, have no visible source of substantial income, use cash for large purchases, and are nominee owners is all probative evidence of probable cause." *U.S. v. Two Parcels of Real Property Located in Russell County, Ala.,* 92 F.3d 1123, 1128 (11th Cir. 1996).

Courts have repeatedly looked to an individual's lack of legitimate income as a major factor in determining the forfeitability of their property. See, e.g., *United States v. Betancourt,* 422 F.3d, 240, 252 (5th Cir. 2005) (finding evidence a that drug dealer had no legitimate income and filed no tax returns sufficient to show money he used to purchase winning lottery ticket was drug proceeds); *United States v. $174,206.00, 320 F.3d 658, 661-62 (6th Cir. 2003)* (finding drug dealer's lack of legitimate income, as shown by tax returns, sufficient to establish forfeitability of

his property by a preponderance). In *United States v. One 2008 Chevrolet Tahoe C1500*, the Court found in favor of the government forfeiting currency, a vehicle, and jewelry pursuant to 21 U.S.C. § 881(a)(6), based in part on the claimant's unexplained wealth. *United States v. One 2008 Chevrolet Tahoe C1500*, No. 1:09-CV-0799-JFK, 2011 WL 176887, (N.D. Ga. Jan. 19, 2011).

In the present case, Stone's ADIR records, Gov. Ex. 1., show that Stone had no verifiable wage earnings after the fourth quarter in 2017. Additionally, he had no verifiable wages prior to the third quarter in 2015. Gov. Ex. 1. Despite having no verifiable income, Stone possessed approximately $16,203.00 in U.S. currency, a 1964 Impala valued at $49,000.00, a 2017 Hyundai Sonata valued at $14,500.00, and assorted jewelry having an appraised value of $73,988.00, not including the Mercedes S550 Sedan and his everyday living expenses in support of his residence at 6783 Overview Drive, in Montgomery Alabama. (Gov. Exs. 3, 4, and 5) Doc. 1 ¶¶ 8f and 8h. The evidence shows that at the time of the seizures in August of 2021, Stone had over $150,000.00 in currency and assets, with no verifiable income. This math does not work.

In addition to Stone's unexplained wealth, there is the matter of his involvement in drug trafficking, as evidenced by his indictment and subsequent conviction for drug trafficking charges. Case Number 2:22-cr-00006-ECM-KFP, Docs. 1 and 150. Further, the undisputed facts in the Complaint show: (1) Marlon Brantley informed agents he purchased powder cocaine and methamphetamine from Stone on May 7, 2021; (2) controlled purchases were made from Stone on May 17, 2021, and May 25, 2021; and (3) a wire intercept on August 14, 2021, indicated Stone had drugs in his vehicle at that time. The subsequent traffic stop led to the seizure of all of the defendants in this case. Doc. 1 at 4-10. It is clear from the facts that Stone was a successful drug dealer with no other verifiable source of income. For those reasons, the

government believes that the defendants in Stone's possession represent proceeds of his illegal drug trafficking crimes.

### C. The government proposes that the Court Stay the Civil Action Pending the Outcome of the Criminal Appeal in Case Number 2:22-cr-00006-ECM-KFP.

All defendants have been forfeited in the parallel criminal action except the Bentley inspired 10k yellow gold pendant with 8.50 total carats of diamonds and the Gents 14k yellow gold band with 3.0 total carats of diamonds.[10] *See,* MDAL, Crim. Case No. 2:22-cr-06-ECM, Docs. 150 at 8, 172 at 8, and 182. On June 6, 2023, Stone, "Defendant", filed his notice of appeal in the parallel criminal action. *Id.*, Doc. 153. Stone appealed the parallel criminal action, including the criminal forfeitures, to the Eleventh Circuit Court of Appeals. The appeal is pending and was stayed pending the Supreme Court's decision in *United States v. Rahimi,* 143 S.Ct. 2688 (No. 22-915). *Id*. Doc. 201.The Supreme Court has decided *Rahimi*, and the appeal has recommenced. Because the Court of Appeals decision would be dispositive of defendants in the criminal action, the government proposes that this instant case be stayed pending the appeal. In the alternative, the government can supplement the facts (with the required affidavit/and or hearing) based on the investigation and or known verifiable facts that would have come to light during discovery in support of the governments proceeds theory. Or the government could file for leave to amend the complaint, subject to the Court's approval. However, the government believes that a stay pending the appeal or offering supplemental facts in support of forfeiture is the most efficient use of the Court's time and resources.

---

[10] The Bentley inspired 10k yellow gold pendant with 8.50 total carats of diamonds and the Gents 14k yellow gold band with 3.0 total carats of diamonds were returned to Stone by the United States Marshals service via Attorney George Bulls on June 23, 2023. Doc. 25 p. 5.

## IV.    CONCLUSION

As previously stated, the government's theory of the case was that all defendants represent of Stone's drug trafficking and are forfeitable as personal property which constituted or were derived from proceeds traceable to violations of 21 U.S.C. §§ 841 and 846, pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C). The government asserts that when 18 U.S.C. § 981(a)(1)(C) (general) and 21 U.S.C. § 881(a)(6) (specific) overlap the government can use either or both as the statutory authority for civil forfeiture. And the government suggests that the Court stay this action pending the appeal in the parallel criminal action, Lastly, because of the reasons above, the government respectfully moves this court to reconsider the government's motion for default as to the denied defendants.

Respectfully submitted this 27th day of February, 2025.

KEVIN P. DAVIDSON
ACTING UNITED STATES ATTORNEY

/s/*Eric M. Counts*
ERIC M. COUNTS
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Facsimile: (334) 223-7106
E-mail: Eric.Counts@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:22cv-00142-MHT |
| | ) | |
| $2,202.00 IN UNITED STATES | ) | |
| CURRENCY et al. | ) | |
| | ) | |
| Defendants. | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all parties of record.


/s/*Eric M. Counts*
ERIC M. COUNTS
Assistant United States Attorney