IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:22cv142-MHT |
| | ) | (WO) |
| **$2,202.00 IN UNITED STATES CURRENCY; et al.,** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This civil forfeiture case, in which the government seeks forfeiture of property it contends was purchased with proceeds of drug distribution, is before the court on the government's motion for reconsideration of the court's February 6, 2025, opinion and order granting in part and denying in part the government's motion for default judgment. *See United States v. $2,202.00 in United States Currency*, No. 2:22CV142-MHT, 2025 WL 415732 (M.D. Ala. Feb. 6, 2025). Upon consideration of the motion, the court recognizes that it made a mistake in part of its analysis of the applicable law.

Accordingly, the motion for reconsideration will be granted, and the opinion and order will be vacated.

The court erred in deciding that 18 U.S.C. § 981(a)(1)(C) does not apply to the facts of this case. *See id.*, 2025 WL 415732, at *2 ("The problem with the government's invocation of § 981(a)(1)(C) is that, while this provision authorizes the seizure of personal property for violations of certain statutes, §§ 841 and 846 of 21 U.S.C. are not listed in the statutes to which subpart (a)(1)(C) of § 981 applies. Therefore, § 981(a)(1)(C) does not authorize forfeiture of any of the property in this case."). The court also erred on the same ground in a prior case, upon which it relied in drafting the opinion in this case. *See United States v. A 2023 Dodge Challenger, Bearing VIN: 2C3CDZFJ0PH511708, With All Appurtenances & Attachments Thereon*, No. 2:24cv211-MHT, 2024 WL 5375183, at *1 (M.D. Ala. Oct. 1, 2024) ("18 U.S.C. 981(a)(1)(C) authorizes the seizure of property, real or personal,

that constitutes or derives from proceeds traceable to violations of certain statutes, not including 21 U.S.C. § 841.").

Contrary to what the court previously stated, 18 U.S.C. § 981(c)(1)(C) authorizes forfeiture of property that was obtained with proceeds of violations of 21 U.S.C. §§ 241 and 246.* 18 U.S.C. § 981(a)(1)(C) authorizes the forfeiture of "[a]ny property ... which constitutes or is derived from proceeds traceable to a violation of ... any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title)." 18 U.S.C. § 981(a)(1)(C). "Specified unlawful activity" under section 1956(c)(7) includes "any act or activity constituting an offense listed in section 1961(1)." 18 U.S.C. § 1956(c)(7)(A). Finally, Section 1961(1), which defines the term "racketeering

---

　　* Section 241 criminalizes manufacturing, distributing, and possessing with intent to distribute controlled substances, while Section 246 criminalizes attempts and conspiracies to do so. *See* 21 U.S.C. §§ 241 and 246.

3

activity," includes "any offense involving ... the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States." 18 U.S.C. § 1961(1)(D).

***

Accordingly, it is ORDERED that:

(1) The government's motion for reconsideration (Doc. 44) is granted.

(2) The court's opinion and order (Doc. 40) granting in part and denying in part the motion for default judgment (Doc. 36) is vacated. *See United States v. $2,202.00 in United States Currency*, No. 2:22cv142-MHT, 2025 WL 415732 (M.D. Ala. Feb. 6, 2025)).

DONE, this the 24th day of September, 2025.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE